UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Hosea Watson, #24134-016, | ) | C/A No. 8:10-3028-RBH-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Issac Fulwood, Chairperson; M.L. Rivera, Warden. | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————————— | ) | |

The petitioner, Hosea Watson ("Petitioner"), proceeding *pro se*, brings this action

pursuant to 28 U.S.C. § 2241 for habeas relief.[1]  Petitioner is an inmate at Federal

Correctional Institution, in Estill, South Carolina, a facility of the Federal Bureau of Prisons

("BOP"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Petitioner claims

his constitutional rights were violated based on improper execution of a parole warrant and

failure to provide a timely parole revocation hearing.  The petition names as Defendants

the Chairperson of the United States Parole Commission,[2] and the Warden of the facility

in which Petitioner is incarcerated.

### *PRO SE*  HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] Petitioner was sentenced by the District of Columbia Superior Court in 1990. The United States Parole Commission was vested with the authority to administer the District of Columbia's parole system on August 5, 1998.  *See* National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1)).

made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is

2

subject to summary dismissal.

## DISCUSSION

Petitioner was sentenced by the District of Columbia Superior Court in 1990. ECF No. 1 at 3. Apparently while on parole, Petitioner was arrested in Atlanta, Georgia, on February 8, 2010. ECF No. 1 at 4; ECF No. 5 at 4. Petitioner claims he was not properly served with a warrant for violation of parole because he didn't see the parole warrant until August 13, 2010, the day of his revocation hearing. *Id.* He also claims the revocation hearing was not held within 90 days. ECF No. 1 at 4. In the relief section of his § 2241 petition, Petitioner requests "the court grant financial claim." *Id.* at 5.

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In fact, a habeas corpus action is the "exclusive remedy" to challenge "the fact or duration" of confinement and seek "immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004), citing *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) ( *en banc*); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir.1989). Thus, a federal prisoner may challenge parole issues that effect the fact or duration of confinement under 28 U.S.C. § 2241. Habeas actions are not typical civil actions because the habeas remedy involves liberty from confinement. The only relief Petitioner requests in his § 2241 petition is to have his "financial claim" granted. ECF No. 1 at 5. Although Petitioner has filed a habeas petition, he does not request

immediate or speedier release from confinement. Petitioner's "financial" remedy is not available through a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Even if the petition could be liberally construed to seek habeas relief, rather than monetary relief, Petitioner has not exhausted administrative remedies. Before Petitioner can proceed with his § 2241 petition, the procedures established for review of decisions of the U.S. Parole Commission must be exhausted. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) ("A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."); *Weinstein v. United States Parole Comm'n*, 902 F.2d 1451, 1453 (9th Cir. 1990) ("Judicial review of a decision of the Parole Commission is available under 28 U.S.C. § 2241 only after administrative remedies have been exhausted."). *See also Timms v. Johns*, _ F.3d _ , No. 10-6496, 2010 WL 4925395, *5 (4th Cir. Dec. 6, 2010)(Generally, "courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *quoting Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). The petition does not present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent," and therefore, Petitioner must exhaust administrative remedies before filing for federal habeas relief under § 28 U.S.C. § 2241. *Timms v. Johns*, _ F.3d _ , No. 10-6496, 2010 WL 4925395, *5 (4th Cir. Dec. 6, 2010) *quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939). Based on the § 2241 petition and attachments, the petitioner is not entitled to relief in this Court, and the § 2241 petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus be

dismissed *without prejudice* and without requiring a response by Respondents.

**Petitioner's attention is directed to the important notice on the next page**.


                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

January 4, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).